Alison L. Lynch (SBN 240346)
Remick M. Stahl (SBN 317065)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Telephone: (949) 885-1360
Facsimile: (949) 885-1380
Email: alison.lynch@jacksonlewis.com
       remick.stahl@jacksonlewis.com

Attorneys for Defendant
U.S. RETIREMENT PARTNERS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO TORRES, an individual;<br><br>Plaintiff,<br><br>v.<br><br>U.S. RETIREMENT PARTNERS, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 8:20-cv-1513<br><br>**DEFENDANT U.S. RETIREMENT PARTNERS, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)**<br><br>(Filed concurrently with Defendant's Notice of Related Cases; Defendant's Notice of Interested Parties; Declarations of Matthew Riordan and Alison L. Lynch in Support of Defendant's Notice of Removal; and, Defendant's Corporate Disclosure Statement)<br><br>Complaint filed: June 15, 2020<br>Trial Date: Not set |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT Defendant U.S. RETIREMENT PARTNERS, INC. ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(b) to remove this action from the Superior Court of

California for the County of Orange on the grounds of diversity jurisdiction. In support thereof, Defendant asserts the following:

## DIVERSITY JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Sections 1332 and 1441. This case may be removed pursuant to 28 U.S.C. Sections 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

2. On June 15, 2020, Plaintiff JULIO TORRES ("Plaintiff") filed a Complaint against Defendant in Orange County Superior Court, which the state court designated as Case No. 30-2020-01147966-CU-OE-CJC. A true and correct copy of the Summons and Complaint is attached as **Exhibit A** to the Declaration of Alison L. Lynch ("Lynch Decl.") filed concurrently herewith.

3. In the Complaint, Plaintiff asserts the following causes of action: (1) Disability Discrimination; (2) Failure to Engage in a Good Faith Interactive Process; (3) Failure to Reasonably Accommodate; (4) Wrongful Termination; (5) Declaratory Relief; (6) Failure to Pay Wages; (7) Violation of Business & Professions Code § 17200; and (8) Waiting Time Penalties Pursuant to Labor Code § 203. [**Exhibit A**.]

4. Plaintiff served Defendant with the Summons and Complaint on July 17, 2020. [Lynch Decl., ¶ 4.]

5. On August 13, 2020, Defendant Answered the Complaint. A true and correct copy of the Answer is attached to the Lynch Decl. as **Exhibit B**. [Lynch Decl., ¶ 5.]

6. As of the date of this Notice of Removal, the attached Exhibits "A" and "B" constitute all of the pleadings received or filed by Defendant in this matter, and no further proceedings have occurred in the state court. [Lynch Decl, ¶ 6.]

7. This removal is timely because it is filed within thirty (30) days after the receipt by Defendant of a copy of Plaintiff's Summons and Complaint, and it thus falls within the time period mandated by 28 U.S.C. § 1446(b). The United States Supreme Court

has held that the 30-day removal deadline is triggered by actual service, as opposed to receipt of the complaint through other means. *Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## REMOVAL BASED ON DIVERSITY JURISDICTION

**Diversity of Citizenship**

8. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions 28 U.S.C. section 1441(b) in that it is a civil action between citizens of different states.

9. Plaintiff is, and was at all times relevant to this action, an individual residing in Orange County, California. [**Exhibit A**, ¶ 1.] Furthermore, Plaintiff filed his Complaint in the State of California for the County of Orange seeking the protections of the laws of this state. [**Exhibit A**.] Thus, Plaintiff should properly be construed a citizen of the State of California.

10. U.S. Retirement Partners, Inc. is a corporation duly created and organized under the laws of the State of Delaware. [Declaration of Matthew Riordan ("Riordan Decl.") ¶ 2.] Since the date of its incorporation, including on the date the Complaint was filed, U.S. Retirement Partners, Inc. has maintained the same corporate status. As of date of this Notice of Removal, U.S. Retirement Partners, Inc.'s status remains the same. [*Id*.]

11. At the time of the filing of the Complaint, U.S. Retirement Partners, Inc.'s headquarters and principal place of business was located in Iselin, New Jersey. [Riordan Decl., ¶ 3.] As of the date of this Notice of Removal, U.S. Retirement Partners, Inc.'s headquarters and principal place of business remains in Iselin, New Jersey. From the executive and administrative offices at this location, U.S. Retirement Partners, Inc.'s officers direct, control, and coordinate U.S. Retirement Partners, Inc.'s nationwide services and overall business operations. [*Id*.] U.S. Retirement Partners, Inc.'s corporate officers perform their primary fundamental operations out of New Jersey, not California. [*Id*.]

12. U.S. Retirement Partners, Inc. thus is a citizen of New Jersey for purposes of

diversity jurisdiction under the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Hertz v. Friend*, 559 U.S. 77, 78 (2010) (holding that a corporation's "principal place of business" under section 1332(c)(1) is typically its corporate headquarters so long as the headquarters is the actual center of direction, control, and coordination rather than an office to hold board meetings).

13. Thus, with Plaintiff as a citizen of California, and Defendant a citizen of Delaware and New Jersey, complete diversity of citizenship between the parties exist within the meaning of 28 U.S.C. section 1332.

**Basis for Amount in Controversy**

14. Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000.00. 28 U.S.C. §1332(a). The failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See* 28 U.S.C. § 1446(c)(2)(A) (allowing the Notice of Removal to assert the amount in controversy if the initial pleading seeks either: (1) non-monetary relief or (2) a money judgment and the State practice does not permit a demand for a specific sum and the District Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.00); *White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W. Va. 1994) (finding that the defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim.") A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1997).

15. Further, in determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. section 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorney's fees. *See e.g.*,

*Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional amount is met.").

16. In determining whether the amount in controversy exceeds $75,000.00, the Court must presume that the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (finding that the amount in controversy analysis presumes that "plaintiff prevails on liability"), *citing also Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)).

17. The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The Court may examine the nature of the action and the relief sought and may take judicial notice of attorney's fee awards in similar cases. *See, e.g., Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

18. Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994).

19. Here, Plaintiff seeks: 1) **compensatory damages "in an amount no less than $100,000" for each of five separate causes of action**; 2) **punitive damages**; 3) **attorney's fees**, interest, and costs of suit; 4) **injunctive relief** enjoining Defendant from engaging in

the alleged practices set forth in Plaintiff's Complaint; and 5) **statutory penalties** for violation of Labor Code §§ 203, 204; . [**Exhibit A**, Prayer for Relief, pgs 12-14, ¶¶ 1-9.]

20. **Compensatory Damages – Economic Damages**: In connection with Plaintiff's First and Fourth causes of action, Plaintiff alleges that he "has suffered significant harm, including loss of pay from the date of his unlawful termination to the present suffered and continues to suffer economic losses, including lost wages and benefits." [**Exhibit A**, pg. 5 ¶ 27, pg. 8 ¶ 54.] The FEHA provides for an award to successful plaintiffs of back pay from the time of the unlawful adverse action until the date of judgment. *Salas v. Sierra Chemical Co.*, 59 Cal.4th 407, 420 (2014); *Cloud v. Casey*, 76 Cal.App.4th 895, 909 (1999). In connection with his First, Second, Third, Fourth, and Ninth causes of action, Plaintiff further alleges he is entitled to "compensatory damages in an amount of no less than $100,000.00 for *each* of these five causes of action. [**Exhibit A**, Prayer for Relief, pg. 12 ¶¶ 1-2, pg. 13 ¶¶ 3-4, pg. 14 ¶ 8.] In connection with Plaintiff's Sixth cause of action, Plaintiff further estimates he is owed $30,000.00 in unpaid commissions. [**Exhibit A**, pg. 10 ¶¶ 67-68; Prayer for Relief, pg. 13 ¶ 6.]

21. Moreover, economic damages may also include an award of lost future earnings or "front pay," which is the salary and benefits a plaintiff would have earned from the terminated employment after the time of trial. *Smith v. Brown-Forman Distillers Corp.*, 196 Cal.App.3d 503, 518 (1983). Front pay is generally measured by the employee's projected earnings and benefits over the period of time until he or he is likely to become reemployed, less mitigation. *Toscano v. Greene Music*, 124 Cal.App.4th 685, 695-97 (2004). California decisions from the Fair Employment and Housing Commission provide for the recovery of future loss of earnings for one (1) or two (2) additional years. *Dep't of Fair Employment and Housing v. Centennial Bancorp*, FEHA Precedent Decision No. 87-03 (1987). Defendant has a reasonable good faith belief that Plaintiff seeks damages for lost wages and front pay on his FEHA claim in excess of the jurisdictional requirement of $75,000.00, notwithstanding the fact that the Complaint does not specify the dollar amount of special damages being sought, for the following reasons:

a. Plaintiff alleges that he was employed by Defendant for nearly three years until his employment was terminated on April 13, 2020. [See **Exhibit A**, pg. 2 ¶ 5, pg. ¶ 12.]

b. Near the end of Plaintiff's employment, Plaintiff earned an annual salary of $120,000.00, or approximately $2,308 a week. [Riordan Decl., ¶ 4.]

c. Based on the above weekly salary, and for the approximately (18) weeks between Plaintiff's alleged termination date of April 13, 2020, and the date of this Notice of Removal, Plaintiff's back pay alone is **$41,538.46**.

d. Under a conservative estimate, any judgment in this case will likely be rendered no earlier than August 2021 and likely much later given the COVID-19 pandemic. Assuming that Plaintiff takes this matter to trial and that trial is set for exactly twelve (12) months from the date of this Notice of Removal, Plaintiff would accrue an additional year of back pay in the amount of $120,000.00. Combined with Plaintiff's lost wages to date of $41,538.46, Plaintiff's total claim for back pay would amount to **$161,538.46**.

e. Assuming that Plaintiff also recovers front pay for six (6) months, or $60,000, in addition to back pay as well as the $30,000 Plaintiff claims he is owed in commissions, the amount in controversy on economic damages alone is approximately **$251,538.46** and will generously exceed the jurisdictional requirement, not including any emotional distress damages or punitive damages.

22. **Compensatory Damages – Emotional Distress Damages**: Plaintiff seeks damages for "pain and suffering" as well as "severe emotional distress" in an unspecified amount in connection with his First and Fourth causes of action. [**Exhibit A**, pg. 5 ¶ 27, pg. 8 ¶ 54.] Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff was

to prevail, the emotional damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum. *See, e.g. Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . the plaintiff suffered heightened mental anguish"); *Gardenhire v. Housing Authority*, 85 Cal.App.4th 236, 237 (2000) (upholding emotional distress award of $1.3 million in a case alleging retaliation).

23. **Punitive Damages**: Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff was to prevail, the punitive damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum. *Ponce v. Med. Eyeglass Ctr., Inc.,* 2015 U.S. Dist. LEXIS 98517, at *11-12 (C.D. Cal. July 27, 2015) (citing punitive damages awards in large amounts, including, $2,340,700, $200,000, and $40,000,000).

24. **Attorney's Fees**: Plaintiff also seeks to recover attorneys' fees in connection with his First through Third and Sixth through Eighth causes of action. [**Exhibit A**, pg. 5 ¶ 28, pg. 7 ¶ 49, pg. 10 ¶ 68, and Prayer for Relief, ¶¶ 1-3, 6-8.] Attorneys' fees are recoverable to the prevailing party under FEHA. Cal Gov't Code § 12965(b). Plaintiff's claims for attorneys' fees will likely exceed $75,000.00. Defendant's lead attorney, Alison L. Lynch, has represented employers in employment litigation for over fifteen (15) years in California, and is familiar with fees requested by Plaintiff's counsel in similar actions filed in California state and federal courts alleging FEHA violations and related claims. [Lynch Decl., ¶ 7.] Based on Plaintiff's allegations, it would not be unreasonable to expect that attorneys' fees will exceed the sum of **$75,000.00** for Plaintiff through trial. [*See id.*]

25. **Injunctive Relief**: In addition, Plaintiff seeks an injunction against Defendants from committing any violation of the FEHA, including attorney's fees in connection therewith.

26. **Statutory Penalties**: Plaintiff also seeks to recover 30 days of waiting time penalties under California Labor Code section 203 according to his Eighth Cause of Action. [**Exhibit A**, pg. 12 ¶ 79; Prayer for Relief, pg. 14 ¶ 8 (Plaintiff erroneously labels this as the *Ninth* cause of action in the Prayer, which does not exist).] According to Labor Code section 203, an employee who is not timely paid all wages due upon termination may recover a penalty equal to the employee's daily rate of pay for each day the wages are improperly withheld, for up to 30 days. At the time of his termination, Plaintiff was earning $2,308 per week. [Riordan Decl., ¶ 4.] Assuming a five-day workweek, this amounts to $461.60 per day. Although Defendant denies that Plaintiff is entitled to waiting time penalties, if Plaintiff were to prevail on this cause of action and receive 30 days of waiting time penalties, this amounts to **$13,848**.

27. Accordingly, given the amounts of the potential damages at issue as outlined above—including but not limited to Plaintiff's explicit prayer for at least $100,000 in compensatory damages for *each* of four separate causes of action, as well as $30,000 in commissions—Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover in excess of $75,000 should he prevail. *Anthony v. Sec. Pacific Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386–87 (10th Cir. 1994).

28. For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and this action may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## VENUE

29. Venue lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. Sections 1441(a) and 1332(a) because the state action was filed in this District and division, thereby embracing the place where this action is pending.

/ / /

/ / /

## **NOTICE TO COURT AND PARTIES**

30. Along with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California, County of Orange.

This Notice of Removal is signed by counsel for Defendant pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DATED:  August 14, 2020                     JACKSON LEWIS P.C.

                                            By:  */s/ Alison L. Lynch*
                                                 Alison L. .Lynch
                                                 Remick M. Stahl

                                                 Attorneys for Defendant
                                                 U.S. RETIREMENT PARTNERS, INC.

# PROOF OF SERVICE

**U.S. DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CASE NAME:**   *JULIO TORRES V. U.S. RETIREMENT PARTNERS, INC.*.

**CASE NUMBER:**   **8:20-cv-1513**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 200 Spectrum Center Drive, Suite 500, Irvine, California 92618.

On August 14, 2020, I served the foregoing document described as:

**DEFENDANT U.S. RETIREMENT PARTNERS, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Michael S. Cunningham, Esq.<br>CUNNINGHAM LAW, APC<br>43460 Ridge Park Drive, Suite 200<br>Temecula, CA 92590 | Attorneys for Plaintiff<br>**JULIO TORRES**<br><br>Telephone: (951) 213-4786<br>Facsimile: (858) 366-4158<br>mike@laborattorney.com |

**[X]   BY MAIL**

**[X]**   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[XX]   FEDERAL**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed **August 14, 2020** at Irvine, California.

*/s/ Carolina Rangel*
Carolina Rangel

4834-9594-1319, v. 1